■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR WILLIAM DE WOLF, Appellant.— Order reversed on the law, and relator remanded to the custody of the Sheriff of Onondaga County at Attica Prison for resentence. Memorandum: As a result of habeas corpus proceedings, the County Court of Wyoming County determined on November 7, 1956 that appellant's prior conviction in the State of Massachusetts was not a felony under section 1941 of the Penal Law and *People* v. *Olah* (300 N. Y. 96). The Wyoming County Court ordered appellant returned to the Onondaga County Court for further proceedings on his New York conviction. No appeal from this determination was taken by the People. Thereafter, on December 31, 1956 the Onondaga County Court determined that the sentence previously imposed by it was in all respects regular and ordered appellant returned to Attica State Prison to serve out the balance of the original sentence. In so doing, the sentencing court chose to ignore the jurisdiction of the Wyoming County Court to pass upon the regularity of the sentence and the holding of that court that the Massachusetts' conviction was not a prior felony under section 1941 of the Penal Law. We deem that the law of the case is the determination of the Wyoming County Court which, under fundamental principles, must be heeded by all courts of original jurisdiction in this State. (See *People ex rel. Prosser* v. *Martin*, 306 N. Y. 710.) All concur. (Appeal from an order of Onondaga County Court directing that defendant be returned to Attica State Prison to complete his sentence.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ In the Matter of the Estate of JOSEPH A. RUSZCZYK, an Incompetent Veteran. DUNCAN WHITEHEAD, as Director of Buffalo State Hospital, Appellant; MARINE TRUST COMPANY of Western New York, as Committee of JOSEPH A. RUSZCZYK, an Incompetent, et al., Respondents.— Order modified on the law and facts by striking out the last ordering paragraph thereof and inserting in place thereof a direction to the committee to pay the $17.50 monthly allotment for the mother to the Buffalo State Hospital to be used for clothing and necessities, and by reinstating the monthly payments of $95 as provided for in the order of July 9, 1953, which order was made without objection of the Veterans' Administration, and as modified order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Erie Special Term denying an application to compel payments by committee of an incompetent veteran for support of mother.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.